# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

SIMON TARASIEWICZ,

    Plaintiff,

v

MENARDS LLC,

    Defendant.

Case No. 21-115228
HON.

MARK W. LATCHANA
P-57002

_____/

LAW OFFICES OF TODD J. STEARN, P.C.
Todd J. Stearn (P51496)
Attorneys for Plaintiff
29829 Greenfield Road, Ste. 101
Southfield, MI 48076
(248) 744-5000 / (248) 744-5002 Fax
todd@tjslawfirm.com

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

_____
Todd J. Stearn (P51496)

A TRUE COPY
GENESEE COUNTY CLERK

## COMPLAINT

NOW COMES the Plaintiff, SIMON TARASIEWICZ, by and through his attorneys, LAW OFFICES OF TODD J. STEARN, P.C., and for his complaint against the above-named Defendant states unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. The Plaintiff, SIMON TARASIEWICZ, is a resident of the City of Birch Run, County of Saginaw and State of Michigan.

2. For all relevant times, the above-named Defendant, MENARDS LLC (MENARDS) was a duly incorporated corporation and was in possession and control of a property located at 11357 N. Linden Road, in the City of Clio, County of Genesee and State of Michigan. The resident agent is Timothy J. Roesner, 10154 Van Vleet, Gaines, MI 48436.

3. This cause of action occurred in the City of Clio, County of Genesee and State of Michigan.

4. The amount in controversy herein exceeds Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest, costs and attorney's fees.

## GENERAL ALLEGATIONS

5. On or about August 10, 2019, on a property located at 11357 N. Linden Road, in the City of Clio, County of Genesee and State of Michigan (hereinafter "the Premises"), the Defendant left and/or stacked a pile of wood in a dangerous condition without any guard posts or other means of preventing the wood from falling.

6. On said date, the Plaintiff, SIMON TARASIEWICZ, while a business invitee of Defendant, did attempt to take a piece of wood off of the aforementioned pile, when a pile of wood collapsed and otherwise fell onto him.

7. At all times herein mentioned and at the time of the committing of the grievances by the Defendant and the sustaining of injuries by the Plaintiff as herein alleged, the Defendant had possession and control and was otherwise responsible for maintaining the Premises.

## COUNT I – PREMISES LIABILTIY

8. For all relevant times, the Defendant then and there induced the public, specifically Plaintiff, to believe that the Premises, entrances and approaches thereof, and every part of the said Premises, were conducted and kept and maintained in a safe and proper condition.

9. The Defendant knew or should have known of a dangerous condition created by the dangerously stacked pile of wood without any guard posts or other means of preventing the wood from falling.

10. Defendant knew or should have known that the Plaintiff did not know of the dangerous condition or that Plaintiff would not take steps to protect himself.

11. At all times herein mentioned, Plaintiff was in the exercise of due care and caution and free from negligence on Plaintiff's part.

12. The Defendant owed a duty to Plaintiff, and, notwithstanding said duties, Defendant did violate and breach the same in the following particulars:

    a. Failing to maintain the premises in a safe and reasonable way.
    b. Failing to take reasonable steps for the prevention of injuries and to warn its invitees of potential foreseeable dangers.
    c. Failing to warn Plaintiff of all reasonably foreseeable dangers;
    d. Failing to provide notice or warning to the Plaintiff, who was lawfully upon the Premises, of the dangerous and hazardous condition that Defendant knew, or should have known, existed on the Premises;
    e. Failing to inspect and maintain the Premises in a reasonably safe condition so as not to create a dangerous and hazardous condition for persons who were upon the premises;
    f. Failing to warn the Plaintiff of the dangerous condition that existed upon the Premises when Defendant knew, or should have known, that Plaintiff had no way of knowing of the dangerous condition;
    g. Failing to hire and employ personnel or staff that would properly maintain the Premises and not allow a dangerous and hazardous condition to remain on the sidewalk;
    h. Such other breaches of the standard of care as are discovered throughout the course and scope of this case.

3

13. As a result of the negligence of the Defendant as aforementioned, Plaintiff sustained injuries, which injuries have caused Plaintiff pain, suffering, disability and mental anguish, to wit:

    a. Infections;
    b. Cellulitis;
    c. Ulcers;
    d. Such other injuries as are discovered throughout the course and scope of this case.

14. Defendant's negligence may have exacerbated a pre-existing condition from which the Plaintiff suffered.

15. As a direct and proximate result of the negligence, and carelessness of the Defendant, the Plaintiff has sustained injuries which include, but are not limited to:

    a. lost wages, past and future;
    b. lost potential for employment promotions and advancements.
    c. loss due to decreased effectiveness at employment;
    d. pain, and suffering, past and future, including but not limited to:

        1) physical pain and suffering;
        2) mental anguish;
        3) denial of social pleasure;
        4) embarrassment, humiliation and mortification;

    e. Medical expenses, past, present and future;
    f. Such other damages as are allowable by Michigan law.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in favor of Plaintiff and against the Defendant, in an amount that the jury or Court determines to be fair, just and adequate compensation for the injuries and damages sustained by the Plaintiff.

## COUNT II – ACTIVE NEGLIGENCE

16. The Plaintiff restates the above paragraphs and incorporates them herein.

17. The Defendant created the dangerous pile of stacked wood and additionally failed to erect any guard posts or other means to prevent the wood from collapsing and/or falling.

4

18. Defendant owed a duty to exercise ordinary and reasonable care to the public and more specifically to the Plaintiff and to avoid harm when voluntarily undertaking any action.

19. Defendant breached that duty when they dangerously and improperly stacked said wood and/or left the dangerously stacked pile of wood without erecting any guard posts or other means of preventing the wood from falling.

20. As a direct and proximate result of Defendant's negligent acts, the Plaintiff suffered injuries and damages as articulated above.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in favor of Plaintiff and against the Defendant, in an amount that the jury or Court determines to be fair, just and adequate compensation for the injuries and damages sustained by the Plaintiff.

## COUNT III – RES IPSA LOQUITOR

21. The Plaintiff herein restates and incorporates the above paragraphs as though fully set forth herein.

22. Wood falling from a pile ordinarily does not occur in the absence of someone's negligence.

23. The aforementioned pile of wood and the aforementioned stack of wood falling were caused by an agency or instrumentality within the exclusive control of one the Defendant.

24. The aforementioned pile of wood and the aforementioned stack of wood falling were not due to any voluntary action or contribution on the part of the Plaintiff.

25. Any evidence of the true explanation of the aforementioned stack of wood falling is more readily accessible to the Defendant than to the Plaintiff.

26. Pursuant to the legal doctrine of Res Ipsa Loquitor, the Defendant breached its common duties including but not limited to the duties enumerated in paragraph 12, above.

5

27.     Pursuant to the legal doctrine of Res Ipsa Loquitor, the Defendant's conduct was negligent and unreasonable.

28.     Pursuant to the legal doctrine of Res Ipsa Loquitor, there is an inference that the Defendant was negligent.

29.     As a direct and proximate result of the above-mentioned negligence under the legal doctrine of Res Ipsa Locquitor, the Plaintiff, sustained injuries suffered injuries and damages as articulated above.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in favor of Plaintiff and against the Defendant, in an amount that the jury or Court determines to be fair, just and adequate compensation for the injuries and damages sustained by the Plaintiff.

Respectfully submitted,

LAW OFFICES OF TODD J. STEARN. P.C.

Todd J. Stearn (P51496)
Attorney for Plaintiff
29829 Greenfield Road, Ste. 101
Southfield. MI 48076
(248) 744-5000/(248) 744-5002 Fax

Dated: February 3, 2021

MARK W. LATCHANA
P 57002

Approved, SCAO

Original - Court 1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 7th JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | SUMMONS | 21-21-115228 |

Court address
900 S. Saginaw, Flint, MI 48502

Court telephone no.
(810) 424-4355

Plaintiff's name(s), address(es) and telephone no(s).
Simon Tarasiewicz

v

Defendant's name(s), address(es) and telephone no(s).
Menards LLC
c/o Timothy J. Roesner - Resident Agent
10154 Van Vleet
Gaines, MI 48436

Plaintiff's attorney bar no., address, and telephone no.
Todd J. Stearn P51496
29829 Greenfield Road, Suite 101
Southfield, MI 48076
248-744-5000/248-744-5002 (Fax)

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4)

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.       **SUMMONS**

NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| FEB 04 2021 | MAY 05 2021 | /s/ |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) SUMMONS       MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
|---|
| Case No. 21- -NO |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

MARK W. LATCHANA
P-57002

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                             Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature